IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAUNE D. DARLING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-683-GMS |
| | ) |
| CARL DANBERG, THOMAS CARROLL, | ) |
| CORRECTIONAL MEDICAL SERVICE, | ) |
| RICHARD P. DUSHUTTLE, M.D., and | ) |
| DEPUTY WARDEN DAVID PIERCE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Deshaune Darling ("Darling"), an inmate at the Delaware Correctional Center ("DCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 2, 8.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) The court now proceeds to review and screen the complaint and its amendment pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

Darling alleges that he suffered a broken hand on April 4, 2007, and at the time of the injury was taken to the Kent General Hospital. (D.I. 2.) Darling alleges that the attending physician was unable to set the break due to the complex nature of the injury and instructed the medical department to make an appointment for Darling to see an orthopedic surgeon. Darling return to the DCC, but no action was taken and he did not see a physician until June 20, 2007. Darling alleges that he constantly complained to medical about the pain and that he had not seen an orthopedic physician, to no avail. Plaintiff alleges that his mother called the warden (i.e., Thomas Carroll), the deputy warden (i.e., David Pierce) and the medical department about

Case 1:07-cv-00683-GMS    Document 11    Filed 02/25/2008    Page 2 of 9

Darling's condition and treatment. Darling alleges that the deputy warden personally answered the calls and assured Darling's mother that everything was being done to treat Darling, when in fact, nothing was being done.

On June 20, 2007, Darling was taken to see Dr. Richard P. Dushuttle ("Dr. Dushuttle"), an orthopedic physician, who x-rayed the hand and stated that the fracture had healed on its own. (D.I. 8.) Dr. Deshuttle chose not to rebreak Darling's hand, but chose a treatment plan consisting of physical therapy. Darling alleges that the administration and Correctional Medical Services ("CMS") did not follow through with the treatment plan and that, as of the filing of the complaint, he had not been taken to physical therapy. Darling seeks compensatory and punitive damages and injunctive relief by way of medical treatment by an outside physician.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual

allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, --U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny,*– F.3d –, No. 06-2869, 2008 WL 305025, at *5 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n. 3.) Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Phillips v. County of Allegheny*, 2008 WL 305025, at *6 (quoting *Twombly*, 127 S.Ct. at 1965 n.3.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* Because the plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. DISCUSSION

#### A. Respondeat Superior

Darling appears to name Delaware Department of Correction Commissioner Carl Danberg ("Danberg') as a defendant based upon his supervisory positions. Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

The complaint and its amendment contain no allegations against Danberg. Also, there is nothing in the complaint to indicate that Danberg was the driving force behind the conduct described in Darling's allegations. Moreover, the complaint does not indicate that Danberg was aware of Darling's allegations and remained "deliberately indifferent" to his plight. *Sample v. Diecks*, 885 F.2d at 1118. Therefore, the court will dismiss the claims against Commissioner Danberg pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

#### B. Medical Needs

Darling alleges that Dr. Dushuttle was deliberately indifferent, negligent, and committed medical malpractice when he saw Darling on June 20, 2007. At that time, Dr. Dushuttle x-rayed Darlings hand and, rather than to rebreak Darling's hand, ordered immediate physical therapy.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

However, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Even when reading the complaint in the most favorable light to Darling, he fails to state an actionable constitutional claim against Dr. Dushuttle for deliberate indifference to a serious medical need. Rather, the complaint alleges that once Darling was taken to see Dr. Dushuttle, he was examined and received treatment for his hand condition, albeit not to his liking.

To the extent Darling alleges medical malpractice or negligence, when a party alleges medical negligence, Delaware law requires the party to produce expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury." *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del.2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); Del. Code Ann. tit. 18 § 6853. Darling did not include an affidavit of merit signed by an expert witness with his complaint as is required. Therefore, the medical malpractice claim is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. CONCLUSION

Based upon the foregoing analysis, the court will dismiss the claims against the defendants Carl Danberg and Dr. Richard P. Dushuttle for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Darling will be allowed to proceed against the defendants former warden Thomas Carroll, Correctional Medical Services, and deputy warden David Pierce. An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

Feb 21, 2008
Wilmington, Delaware



FILED
2 5 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAUNE D. DARLING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-683-GMS |
| | ) |
| CARL DANBERG, THOMAS CARROLL, | ) |
| CORRECTIONAL MEDICAL SERVICE, | ) |
| RICHARD P. DUSHUTTLE, M.D., and | ) |
| DEPUTY WARDEN DAVID PIERCE, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 21st day of Feb, 2008, for the reasons set forth in the Memorandum issued this date,

1. The claims against the defendants Delaware Department of Correction Commission Carl Danberg and Dr. Richard P. Deshuttle are **dismissed** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). They are dismissed from this action.

2. The court has identified what appear to be cognizable medical needs claims within the meaning of 28 U.S.C. § 1915A(b) against the defendants former Warden Thomas Carroll, Correctional Medical Services, and Deputy Warden David Pierce. Darling is allowed to **proceed** against these defendants.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), the plaintiff shall complete and return to

the clerk of the court an **original** "U.S. Marshal-285" form for **remaining defendants former Warden Thomas Carroll, Correctional Medical Services, and Deputy Warden David Pierce,** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). The plaintiff has provided the court with copies of the complaint and amended complaint (D.I. 2, 8) for service upon each of the remaining defendants. **The plaintiff is notified that the United States Marshal will not serve the complaint and its amendment until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendant(s) and the attorney general within 120 days from the date of this order may result in the complaint being dismissed or defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

    3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint and its amendment (D.I. 2, 8), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

    4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

    5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint

within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

 6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

 7. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). ***

 8. **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

_____
CHIEF UNITED STATES DISTRICT JUDGE

FILED

FEB 2 5 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

-3-