IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAUNE DARLING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-683-GMS |
| | ) |
| THOMAS CARROLL, CORRECTIONAL | ) |
| MEDICAL SERVICE, and DEPUTY | ) |
| WARDEN PIERCE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

**I. INTRODUCTION**

The plaintiff, Deshaune Darling ("Darling"), an inmate at the James T. Vaughn Correctional Center ("VCC"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his medical needs. Presently before the court are several pending motions including a motion to dismiss, request for counsel, and motion for leave to file an amended complaint. (D.I. 18, 19, 25.) For the reasons that follow, the court will grant the motion to dismiss, will deny the request for counsel, and will grant the motion for leave to amend.

**II. BACKGROUND**

Darling sustained a fractured a broken hand on April 4, 2007, and at the time of the injury was taken to the Kent General Hospital. (D.I. 2.) Darling alleges that the attending physician was unable to set the break due to the complex nature of the injury and instructed the medical department to make an appointment for Darling to see an orthopedic surgeon. Darling returned to the VCC, but no action was taken and he did not see a physician until June 20, 2007. Darling

alleges that he constantly complained to medical about the pain and that he had not seen an orthopedic physician, to no avail. Plaintiff alleges that his mother called the warden, at the time, Thomas Carroll ("Carroll"), the deputy warden, at the time David Pierce ("Pierce"), and the medical department about his condition and treatment. Darling alleges that the deputy warden personally answered the calls and assured Darling's mother that everything was being done to treat Darling, when in fact, nothing was being done. Darling alleges that the administration and Correctional Medical Services ("CMS") did not follow through with the treatment plan and that, as of the filing of the complaint, he had not been taken to physical therapy. Darling seeks compensatory and punitive damages and injunctive relief by way of medical treatment by an outside physician. After initial screening, the court dismissed the defendants Carl Danberg and Dr. Richard P. Dushuttle. (D.I. 11.) The defendant CMS moves to dismiss any medical negligence claims raised by Darling. (D.I. 18.) It also moves to dismiss the § 1983 claim for failure to state a claim upon which relief may be granted. (*Id.*) Subsequent to the filing of the motion to dismiss, Darling filed a request for counsel and motion for leave to amend. (D.I. 19, 25.)

## II. MOTION TO DISMISS

### A. Standard of Review

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court must accept all factual allegations in a complaint as true and construe them in the light most favorable to Darling. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing

that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007). A complaint does not need detailed factual allegations, although, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Because Darling proceeds *pro se*, his pleading is liberally construed and their complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

### B. Discussion

CMS moves to dismiss the medical negligence and § 1983 claims raised against it. In his response, Darling concedes that he does makes no claim against CMS for medical negligence. Accordingly, the court will grant CMS' motion to dismiss the medical negligence claim. CMS also moves to dismiss the § 1983 claim on the grounds that the amended complaint fails to allege that there was a relevant policy or custom and that the policy caused Darling's alleged constitutional violation. Darling's response to the motion does not address this issue.

When a plaintiff relies upon a theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992). In order to establish that CMS is directly liable for the alleged

constitutional violations, Darling "must provide evidence that there was a relevant [CMS] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because *respondeat superior* or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories). Assuming the acts of its employee violated Darling's constitutional rights, those acts may be deemed the result of a policy or custom of CMS, thereby rendering CMS liable under § 1983, where the inadequacy of existing practice is so likely to result in the violation of constitutional rights that CMS can reasonably be said to have been deliberately indifferent to Darling's medical need. *See Natale*, 318 F.3d at 584 (citations omitted). "'Policy is made when a decisionmaker possess[ing] final authority to establish . . . policy with respect to the action issues an official proclamation, policy or edict.'" *Miller v. Corr. Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992) (alteration in original) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (citing *Andrews*, 895 F.2d at 1480; *Fletcher v. O'Donnell*, 867 F.2d 791, 793-94 (3d Cir. 1989)).

While the complaint and its amendments discuss CMS's failure to provide Darling medical treatment, they do not set forth allegation that there was a relevant policy or custom that caused Darling's alleged constitutional violations. Accordingly, the court will grant CMS' motion to dismiss the § 1983 claim. However, since it appears plausible that Darling might be able to articulate a claim against CMS, he will be given an opportunity to amend his pleading.

*See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not precedential) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

### III. REQUEST FOR COUNSEL

Darling requests counsel on the grounds that he does not have ability to present his case, he is unskilled in the law and the case is complex, the case may turn upon credibility determinations, an expert witness will be necessary, he cannot afford to retain counsel, counsel will serve the "best interest of justice," and his allegations, if proven, would establish a constitutional violation. A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, representation by counsel may be appropriate under certain circumstances, if the court finds that the plaintiff's claim has arguable merit in fact and law. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)

The court should consider a number of factors when assessing a request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

Upon consideration of the record, the court is not persuaded that the request for counsel is warranted at this time. Darling appears to have the ability to present his claims and there is no

evidence that prejudice will result in the absence of counsel. Further motions for appointment of counsel shall be deemed denied without prejudice to renew should any of the plaintiffs' claims survive summary judgment. Accordingly, the court will deny without prejudice the request for counsel. (D.I. 19.)

## IV. MOTION TO AMEND

Darling moves to amend his complaint to add new parties and claims. (D.I. 25.) "After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The proposed amended complaint states what appears to be cognizable claims against proposed new defendants Jane Doe, Assistant Health Service Administrator McLaren, and Director of Nursing Gail Eller. Therefore, the court will grant the motion to amend. (D.I. 25.)

## V. CONCLUSION

For the above stated reasons the court will grant the defendant's motion to dismiss, will deny the plaintiff's request to appoint counsel, and will grant plaintiff's motion to amend. An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

_Feb 12_, 2009
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAUNE DARLING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-683-GMS |
| | ) |
| THOMAS CARROLL, CORRECTIONAL | ) |
| MEDICAL SERVICE, and DEPUTY | ) |
| WARDEN PIERCE, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 12th day of Feb., 2009, for the reasons set forth in the Memorandum issued this date;

1. The motion to dismiss of the defendant, Correctional Medical Services, is **granted**. (D.I. 18.) The plaintiff is given leave to amend the § 1983 claim against Correctional Medical Services. The amendment shall be filed within **forty-five days** from the date of this order.

2. The plaintiff's request for counsel is denied without prejudice. (D.I. 19.)

3. The plaintiff's motion to amend the amended complaint is **granted**. (D.I. 25.) The clerk of the court is directed to docket the motion to amend as a first amended complaint.

4. The first amended complaint names a Jane Doe defendant. The plaintiff shall **identify** Jane Doe within **ninety (90) days** and file a motion for an order directing amendment of the caption and service of the first amended complaint on her. Failure to identify Jane Doe within the ninety (90) days may result in dismissal of the claims against her.

IT IS FURTHER ORDERED that:

1. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), the plaintiff shall complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for the **new defendants Assistant Health Service Administrator McLaren, and Director of Nursing Gail Eller. Additionally, the plaintiff shall provide the court with one copy of the complaint (D.I. 2) the amended complaint (D.I. 8) and the first amended complaint for service upon the new defendants.** The plaintiff is notified that the United States Marshal will not serve the first amended complaint until all "U.S. Marshal 285" forms have been received by the Clerk of the Court. Failure to provide the "U.S. Marshal 285" forms and copies of the complaint, amended complaint and first amended for each new defendant within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).

2. Upon receipt of the form(s) required by paragraph 1 above, the United States Marshal shall forthwith serve a copy of the complaint, amended complaint and first amended complaint, the court's February 25, 2008 order, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

3. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(d)(1) and (2).

4. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint

within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

5. No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

6. **NOTE:** *** When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

7. **Note:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

_____
CHIEF, UNITED STATES DISTRICT JUDGE